[Civ. No. 6088. First Appellate District, Division Two.—June 26, 1928.]

SHERMAN SULLIVAN, Respondent, v. PEOPLE'S ICE CORPORATION (a Corporation), Appellant.

Everts, Ewing, Wild & Everts, C. M. Ozias and L. W. Young for Appellant.

Cosgrave & Barstow for Respondent.

STURTEVANT, J.—The plaintiff sued for damages suffered because of personal injuries inflicted on him. The defendants appeared and answered separately. The jury returned a verdict against both defendants. People's Ice Corporation made a motion for judgment notwithstanding the verdict. The motion was denied. From a judgment entered on the verdict People's Ice Corporation has appealed under section 953a of the Code of Civil Procedure.

In his complaint the plaintiff alleged:

"Plaintiff complains and for cause of action alleges: That defendant, People's Ice Corporation, is now and at all times hereinafter mentioned was a corporation duly organized and existing under and by virtue of the laws of the State of California, and engaged in the business of manufacturing and selling at retail ice in the City of Fresno, and elsewhere. That defendant, Alfred M. Dupzyk, is now and at all times hereinafter mentioned was the agent, employee and servant of the defendant People's Ice Corporation. That said Alfred M. Dupzyk was at all times herein mentioned and at and during the time when the acts hereinafter set forth were performed, was employed by said People's Ice Corporation to drive a wagon containing ice along a designated route in a designated district in the City of Fresno, to solicit the sale of the ice of the said defendant, People's Ice Corporation, to deliver the said ice to purchasers thereof when sold, to observe vendors of ice in the said district so assigned to said defendant, Alfred M. Dupzyk, who were in competition with the said defendant, People's Ice Corporation, and to eliminate, discourage and exclude from such district such competing vendors of ice and to prevent such competing vendors from soliciting the sale of ice along the route or within the district so assigned to said defendant, Alfred M. Dupzyk, by the said People's Ice Corporation, and to prevent the securing of the trade of the customers of said People's Ice Corporation by competing vendors of ice and to extend the custom and trade of said People's Ice Corporation and to secure new customers for the same. That plaintiff is now and at all times herein mentioned was an agent of a vendor of ice in competition with the said People's Ice Corporation, in the business of selling ice along the route so assigned to the said defendant, Alfred M. Dupzyk, and at the time the acts herein complained of occurred, plaintiff was engaged in soliciting the sale of ice on behalf of his said employer along the route and in the district assigned to the said defendant, Alfred M. Dupzyk, by said People's Ice Corporation. That on or about the 28th day of May, 1920, on the southeasterly corner of 'G' and Tulare streets in the City of Fresno, County of Fresno, State of California, said Alfred M. Dupzyk, while in pursuance of his employment, and in performance of his duties, as alleged in Paragraph III hereof, did, without the fault

of or provocation by plaintiff, wrongfully, unlawfully and violently and with oppression and malice toward plaintiff assault plaintiff, and violently strike and beat him about the face and head, and as a result of being so beaten and struck, plaintiff was knocked violently upon the ground. That by reason of being so struck, beaten and knocked upon the ground, plaintiff has sustained broken facial bones, impaired vision in the right eye, and has been confined to his bed for a period of two weeks, and has been incapacitated from pursuing his ordinary employment for a period of three weeks. That ever since said injury, plaintiff has suffered and does still suffer great pain and inconvenience by reason of said injuries so inflicted by defendants as aforesaid and said injuries are permanent in their nature. That in the infliction of said injuries upon plaintiff by said defendants as aforesaid, said defendants have been guilty of oppression and malice upon and toward this plaintiff. That immediately upon and after the infliction of said injuries upon plaintiff, as aforesaid, defendant Peoples' Ice Corporation, had actual notice thereof and of all of the facts and circumstances under which the said injuries were inflicted and thereafter and at all times since has retained and does now retain the said Dupzyk in its employ and fully ratified the action of the said defendant Dupzyk in the infliction of said injuries as aforesaid. That by reason of said injuries so inflicted by defendants upon plaintiff, plaintiff has been damaged in the sum of $10,000.00, no part of which has been paid. That by reason of said injuries, plaintiff was compelled to and did go to a hospital for the treatment thereof, and in that behalf has expended the sum of $31.50. That plaintiff was compelled to and did hire a physician to treat his said injuries, and in that behalf has expended the sum of $31.00. That by reason of his said injuries, plaintiff was unable to pursue his employment of ice salesman for a period of three weeks. That for said period the reasonable value of plaintiff's services is the sum of $105.00.''

■ The defendant urges that the verdict and judgment are contrary to law because there is no evidence to show that the defendant Dupzyk was acting within the scope of his authority, express or implied. In presenting the point the defendant assumes that the case made by the plain-

tiff is merely a charge that the plaintiff was assaulted by Dupzyk during working hours and that after the assault the defendant did not discharge Dupzyk. A most casual reading of the plaintiff's complaint shows that assumption fails to take into consideration many allegations contained in the complaint. There was evidence, direct or circumstantial, tending to support every allegation contained in the complaint. The weight of the evidence was for the jury.

The defendant called as a witness J. H. Wooden, who was the manager of the People's Ice Corporation at the time of the assault. He testified that he had expressly directed his men not to have any fights with anyone on their routes. It cites the testimony and argues that it follows as a matter of law that Dupzyk was acting outside of the scope of his employment. If this were an action sounding in contract between employer and employee the contention might be sound, but not in an action sounding in tort, and maintained by a third person. (*Johnson* v. *Monson,* 183 Cal. 149, 150, 151 [190 Pac. 635].)

During the introduction of evidence the defendant maintained the same opinion as set forth above. Certain rulings were made against it. Those rulings are now assigned as error. However, as we have shown in this decision, the contention of the defendant as to the breadth of this case is too narrow and fails to take into consideration all of the facts. We have not noted any ruling on the evidence that was prejudicial to the defendant.

Finally, the defendant complains of the refusal of the trial court to give certain proposed instructions which defendant asked. They were as follows:

1. "You are further instructed that evidence has been introduced in this case showing that the defendant herein, Dupzyk, is still in the employ of the defendant, People's Ice Corporation, and you are instructed that such evidence of itself does not amount to or constitute a ratification for the commission of a tort by defendant Dupzyk, and in this case where the action complained of on the part of the defendant, Dupzyk, constitutes a crime, under no circumstances could this evidence constitute a ratification of the offense charged.

2. "You are hereby instructed that it appears from the evidence in this case that the claim for damages against the

People's Ice Corporation is founded upon a claim that the defendant, Dupzyk, herein committed a crime of assault and battery upon the plaintiff in the case, and you are instructed that the defendant, People's Ice Corporation, cannot by any acts ratify the commission of the criminal assault so as to make itself liable for damages. It is the law that acts committed by a servant which of themselves constitute a crime cannot by any acts of the master be ratified so as to make the master liable in damages. In cases where the acts are not criminal they may be ratified by actions and course of conduct on the part of the master but even in this class of cases the failure, on the part of the master to dispense with the services of a servant is not of itself sufficient to constitute a ratification of servant's act.''

The instructions were objectionable for many reasons. We will not attempt to state all of them. ■ When defendant, with full knowledge of the facts, retained Dupzyk in its employ after obtaining such knowledge, such fact was some evidence of ratification. It may be conceded that the fact, standing alone, did not necessarily constitute a ratification. But whether it did or did not, it is not proper for the court to pick out isolated facts and either fortify them or belittle them by making them the subject of an instruction. (*Estate of Martin,* 170 Cal. 657, 672 [151 Pac. 138].) ■ Again, even though the act of Dupzyk constituted a crime, it could not be said as a matter of law that in this action, as alleged by this plaintiff, there could not be evidence of ratification. (Civ. Code, secs. 2338, 2339; *Johnson* v. *Monson, supra.*)

■ Defendant avers that the act of Dupzyk was a crime and that a crime could not legally be authorized and therefore it could not be ''ratified.'' If this were an action sounding in contract between principal and employer, the argument would have much weight. (21 R. C. L. 925.) But it is an action in tort brought by a third party. Our statute says it can be ''ratified.'' (Civ. Code, sec. 2339.) In a note appended thereto the code commissioners stated that the code section was based on the following authorities. In Story on Agency, section 456, it is said: ''For the principal is not liable for the torts or negligence of his agent in any matters beyond the scope of the agency, unless he has expressly authorized them to be done, or he has subsequently

adopted them for his own use or benefit." And in *Eastern Counties R. Co.* v. *Broom,* 6 Ex. 314, at page 327, it is said: "With respect to the point, whether the Company could ratify the act, if the act can be said to have been done for the use or benefit of the Company, there can be no doubt that they could ratify it. The assault and imprisonment of a party liable to the Company for not having paid his fare, was an act of a servant of the Company, which manifestly might have been for the benefit of the Company. Therefore, we are clearly of opinion that there might have been a ratification of that act. The law is well laid down in distinct terms in the passage from the 4 Inst. 317, 'he that receiveth a trespasser, and agreeth to a trespass after it be done, is no trespasser, unless the trespass was done to his use or for his benefit, and then his agreement subsequent amounteth to a commandment.' The question of liability by ratification depends upon this, whether the act was originally intended to be done to the use or for the benefit of the party who is afterwards said to have ratified it. We are with the plaintiff in this case, that the action might lie, and the act, though not done with the knowledge of the Company in the first instance, might have been ratified by them; but we are of opinion that there was no evidence of any such ratification, and that the direction of the Lord Chief Baron was wrong in this respect."

■ The defendant requested and the trial court refused an instruction to the effect that if a servant steps aside from the master's business for however short a time and commits a wrongful act, the master is not liable. In so doing the trial court did not err. The subject matter was fully covered by other instructions which were given.

The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1928.

All the Justices present concurred.