[Civ. No. 7553. First Appellate District, Division Two.—May 27, 1931.]

GRACE STUBBS, Appellant, v. ORPHEUM THEATRE AND REALTY CO. (a Corporation), Respondent.

388

Daniel A. Ryan, Thomas C. Ryan and George F. Snyder for Appellant.

Redman, Alexander & Bacon and Herbert Chamberlin for Respondent.

SPENCE, J.—Plaintiff brought this action to recover damages for an alleged assault by an employee of the defendant. The jury rendered a verdict in favor of the defendant and from the judgment entered thereon plaintiff appeals.

The alleged assault occurred in front of defendant's theater after some words had passed between plaintiff and defendant's employee concerning the parking of plaintiff's automobile near the entrance to said theatre. Plaintiff testified "he pushed me away from him", while defendant's witnesses testified that plaintiff slapped said employee in the face several times with her purse and that the employee merely put up his hands to protect himself. Plaintiff claimed that the employee had assaulted her, while defendant claimed that plaintiff had assaulted their employee.

In her complaint plaintiff asked for exemplary damages and she deemed it appropriate to allege ratification of the acts of the employee by the defendant company. (See Civ. Code, sec. 2339.; *Sullivan* v. *People's Ice Corp.*, 92 Cal. App. 740 [268 Pac. 934].) She alleged that the defendant "confirmed and ratified said assault and at all times thereafter

until the filing of the complaint herein, the defendant retained the said Stacy Atkinson in its employ; . . . that following said assault, the plaintiff caused the said Stacy Atkinson to be arrested for said assault and that thereupon the defendant employed an attorney to defend the said Stacy Atkinson · and that said attorney of the defendant, employed by the defendant as aforesaid, did defend Stacy Atkinson at the trial of the case in which said Stacy Atkinson had been accused of said assault by the plaintiff''. By its answer defendant in substance denied the alleged assault by its employee and denied ratification of any alleged assault.

Upon the trial plaintiff introduced considerable evidence regarding the arrest of the employee on the criminal charge and the trial which followed in the police court. Upon cross-examination of plaintiff's witnesses, defendant was allowed to show, over the objection of plaintiff, that the criminal charge against the employee was dismissed.

■ Appellant contends that the trial court erred in admitting the testimony regarding the dismissal and in its instructions to the jury relating thereto. While it is true ordinarily that evidence of an acquittal or of a dismissal of a criminal charge for assault and battery is inadmissible in a civil action (3 Cal. Jur. 185), the same may be said of all evidence relating to the criminal charge. Here the appellant opened the door for the introduction of the testimony referred to by introducing evidence relating to the arrest and trial of the employee in the police court. Appellant's evidence standing alone and unaccompanied by evidence of the result of those proceedings would tend to create the impression that the employee had suffered a conviction on the criminal charge. It would be manifestly unfair to respondent to admit the testimony offered by appellent without admitting the further testimony which would dispel the erroneous impression created. We find no error in admission of this testimony.

■ A reading of the charge to the jury shows that some portions of the assailed instructions may be subject to criticism. However, in these instructions the court told the jury that the evidence of the dismissal ''is not binding upon the jury at all'' and that it ''is not conclusive upon this jury''. Similar language was used by the court at the time

the evidence was offered. Considering the instructions as a whole we are convinced that no prejudical error was committed.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 26, 1931.