[Civ. No. 2022.   Fourth Appellate District.—September 25, 1937.]

JAMES JAMESON, a Minor, etc., Respondent, v. JACK GAVETT et al., Defendants; STANDARD STOVE WORKS et al., Appellants.

Lewis R. Kirby and George A. Malette for Appellants.

Edward J. Kelly and Ben B. Rubin for Respondent.

JENNINGS, Acting P. J.—The plaintiff herein, a boy 12 years of age, brought this action through his guardian *ad litem* against the defendants to recover damages for personal injuries sustained by him as the result of an assault and battery committed upon him by the defendant, Jack Gavett. Liability was sought to be imposed upon the defendants other than Gavett because of the alleged relationship of master and servant which existed between said defendants and Gavett and because it was alleged that the act which resulted in plaintiff's injuries was committed by Gavett in the course and within the scope of his employment. Plaintiff's complaint contained two causes of action. In the first cause of action it was alleged that the assault was maliciously committed by Gavett and in the second it was alleged that the act was

negligently done. Gavett defaulted in appearance and there is no claim that the judgment rendered against him is not proper. Trial of the action against the other defendants was had before the court without a jury and resulted in the entry of a judgment against said defendants in the amount of $2,275. From this judgment the present appeal has been perfected.

The two contentions advanced on this appeal are, first, that the evidence produced during the trial of the action was insufficient to warrant the trial court in finding as it did that the defendant Gavett was an employee of appellants at the time the act was committed and second, that, if it be conceded that the fact of employment was sufficiently established, the evidence was nevertheless insufficient to support the court's finding that the act shown to have been committed by Gavett was done by him in the course of his employment.

With respect to the first of the above-mentioned contentions, an examination of the transcript on appeal produces the conviction that it may not be declared that there is an entire absence of any evidence to support the trial court's finding that, at the time the assault was committed, Gavett was in the employment of appellants. It may be conceded that much of the evidence which was submitted during the trial indicated that Gavett, at all times material to the present controversy, occupied the status of an independent contractor rather than that of an employee of appellants and that a judgment favorable to appellants would therefore have been sustainable. Nevertheless, the record does contain some evidence which tended to show that appellants retained the right to direct the details of the work in which Gavett was engaged and the undisputed evidence showed that appellants retained the right to discharge Gavett at any time that his work was unsatisfactory to them. These facts, especially that of direction as to details, are strongly indicative of the right of control which is the essential element of the relationship of master and servant. The question of whether Gavett was a mere employee of appellants at the time of the assault or whether he then occupied the status of an independent contractor was one of mixed law and fact and the trial court having resolved the matter in respondent's favor upon evidence that was conflicting the criticized finding may not be disturbed. (*Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577

[250 Pac. 570] ; *Chapman* v. *Edwards,* 133 Cal. App. 72 [24 Pac. (2d) 211].)

The second contention of appellants requires some reference to the circumstances surrounding the assault as these facts were developed by the evidence produced during the trial of the cause.

On June 8, 1935, Jack Gavett was engaged in the work for which he was employed on the premises occupied by the Standard Stove Works. On these premises there were two buildings which were approximately 50 feet distant from each other. The larger building, which was about 200 feet long and 50 feet wide, was used for the assembling of stoves which were repaired and rebuilt. The smaller building was used for the storage of materials and tools and also contained a sand-blasting machine. Some of the tools that were owned by Gavett and employed by him in the work which he performed were in this latter building. Immediately prior to the assault Gavett was in the larger building. At this time he saw two boys enter the other building. He immediately shouted to them to leave. They obeyed. The respondent, who had preceded the two other boys into the building, remained. Gavett, after again shouting to respondent to leave, picked up some stones and threw them toward the building in which respondent remained. One of the missiles thus thrown by Jack Gavett struck respondent on his head causing the injuries for which he demanded compensation. Gavett, who was called as a witness by respondent under section 2055 of the Code of Civil Procedure, testified that, prior to June 8, 1935, he had heard other persons employed about the premises, including the appellant Seneca, order boys to leave the building in which the sand-blasting machine was located, that he knew that Seneca desired that boys be kept away from the premises, that he had seen boys breaking windows of the building and stealing parts used in the rebuilding of stoves from the building and that he knew tools had been stolen from said building. The witness further testified that he ordered the boys to leave the building on June 8, 1935, because he wished to protect the contents of the building including his own tools which were there and that his purpose in throwing the stones in the direction of the building on the above-mentioned date was to frighten the respondent and cause him to leave the building. The appellant, L. H. Lofgren, who was called as a witness by respondent, testified

that when appellants first moved to the premises where the assault occurred they had considerable difficulty with trespassers who broke windows and stole equipment and that they subsequently caused signs to be put up warning trespassers to keep out, that these notices were installed by the persons who worked on the premises, including Gavett, that trespassers were quite a nuisance around the premises, so much so that it became necessary for the witness to drive them away several times a week, that Gavett had informed him that things had been lost or broken around the premises and he had told Gavett that appellants had notified the police but failed to obtain cooperation from them, and that he knew Gavett was attempting to keep trespassers away from the premises and had been informed by Gavett many times that Gavett had driven people away from the building. This witness further testified that he was not on the premises when the assault occurred and that he discussed the matter with Gavett on the day following the assault at which time he said nothing by way of disapproval of the assault and that after the occurrence of the assault Gavett remained in the employment of appellants doing the same sort of work for a period of approximately ten months.

The foregoing recital of facts extracted from the transcript on appeal furnishes a sufficient answer to appellants' second contention. ■ The rule is settled that the master is civilly liable for the wrongful or negligent act of the servant committed while in his service and within the scope of the servant's employment. (*Stephenson* v. *Southern Pac. Co.*, 93 Cal. 558, 561 [29 Pac. 234, 27 Am. St. Rep. 223, 15 L. R. A. (N. S.) 475].) In considering whether or not a particular act is within the scope of the servant's employment no difficulty is encountered in arriving at the conclusion that the servant is within the course of his employment if at the time the act is committed the servant is directly engaged in the duties which he was employed to perform or if the act directly produces the result desired by the master. The principle has, however, been extended to fasten liability upon the master when it may fairly be declared that the questioned act is one which indirectly or incidentally contributes to the service which the servant was employed to render. (*Kish* v. *California State Automobile Assn.*, 190 Cal. 246, 249 [212 Pac. 27]; *Hall* v. *Puente Oil Co.*, 47 Cal. App. 611 [191 Pac. 39]; *Bleser* v. *Thomas Haverty Co.*, 3 Cal. App. (2d)

199, 204 [38 Pac. (2d) 873].) As was said in *Chamberlain v. Southern California Edison Co.*, 167 Cal. 500, at 506 [140 Pac. 25] : ''The test is, whether the act was done in the prosecution of the business in which the servant was employed to assist. If it was, the master is responsible.'' ■ Furthermore, the authorization of the master to perform the act which occasions injury to a third person need not be expressly conferred in order to fasten liability upon the master. Responsibility attaches to the master if the act is committed by virtue of authority which may fairly be implied from the nature of the employment and the duties incident thereto. (*Nussbaum v. Traung Label & Lithograph Co.*, 46 Cal. App. 561 [189 Pac. 728] ; *Curcic v. Nelson Display Co. et al.*, 19 Cal. App. (2d) 46 [64 Pac. (2d) 1153].)

■ Application of the aforesaid established principles to the above-mentioned facts impels the conclusion that the act of the employee, Gavett, in throwing the stone was committed by him in the prosecution of the business in which he was employed to assist and that authorization to commit the act may fairly be implied from the nature of Gavett's employment and the duties incident thereto. The evidence was ample to show that the assault committed upon respondent was not perpetrated by the servant solely on his own account and entirely for the purpose of protecting his own tools which were in the building where respondent was at the time the missile was thrown. Gavett's testimony indicated that his purpose in throwing the stone was not only to safeguard his tools but also to protect the contents of the building generally. A servant may at the same time be combining both his own and his master's business and in such case the master will be liable for the servant's acts. (18 R. C. L., p. 797; *Hiroshima v. Pacific Gas & Elec. Co.*, 18 Cal. App. (2d) 24 [63 Pac. (2d) 340].)

It may further be noted that the evidence showed that appellant, Lofgren, knew that Gavett had installed some of the signs warning trespassers to keep off the premises and had been informed by Gavett that the latter had driven trespassers from the building wherein the sand-blasting machine and materials were stored. ■ Still more significant is the testimony of the witness, Lofgren, to the effect that on the day following the assault he had discussed the matter with Gavett and that he had then expressed no disapproval of the act and that Gavett had remained in appellants' employ-

ment for approximately 10 months after the assault was committed. This undisputed evidence was ample to warrant the trial court in concluding that appellants had by their acts and conduct and with full knowledge of the surrounding circumstances ratified the act which produced the injuries. It is settled that approval and ratification by the master with full knowledge of the surrounding circumstances may fix liability upon the master for an act of the servant which was outside the scope of employment. (Sec. 2339, Civ. Code; *Sullivan* v. *People's Ice Corp.*, 92 Cal. App. 740 [268 Pac. 934]; 2 Am. Jur., p. 279; 18 R. C. L., p. 801.)

The judgment is affirmed.

Marks, J., concurred.