[Civ. No. 7157.   Third Dist.   Feb. 26, 1946.]

HARLAN FLEMMER et al., Respondents, v. S. Y. MONCK-TON, Appellant.

Neal Chalmers and Robert M. Cole for Appellant.

A. G. Bailey for Respondents.

PEEK, J.—The present controversy arose out of a collision between a Studebaker pickup truck owned by the defendant Monckton, which was then being driven by his employee, the defendant LaLonde, and a car driven by the plaintiff Albert E. Berreth, with whom his wife, Hulda Berreth, and Harlan Flemmer and Eleanor Flemmer, his wife, were riding. By stipulation of the parties, the separate actions filed by the Berreths and Flemmers against Monckton and LaLonde were consolidated for the purposes of trial and appeal. The trial court, sitting without a jury, made findings in favor of plaintiffs on all the issues, including a finding that LaLonde was driving said pickup automobile with the implied permission

of the owner, Monckton, and rendered judgments against the two defendants jointly and severally. Defendant Monckton alone has appealed.

The sole contention of the appellant is the alleged complete lack of any evidence upon which the trial court based its finding that "the said defendant M. R. LaLonde was then and there driving the said pickup automobile with the implied permission of the owner, the defendant S. Y. Monckton."

While the statement of facts contained in appellant's opening brief is not directly challenged by respondent, it is predicated on the evidence most favorable to appellant, and therefore such summary may not be accepted without question as the basis for a determination whether there is any substantial evidence to support the previously quoted finding of the trial court. (See *Hicks* v. *Reis,* 21 Cal.2d 654, 657 [134 P.2d 788].)

Further examination of the record discloses that appellant was a farmer living on the ranch which he owned in Yolo County. At the time of the accident and for approximately two months prior thereto he had been confined in a hospital. LaLonde, together with his wife and child, likewise lived on the ranch. His employment was variously described as that of maintenance man, general hired man, repair man, mechanic, or caretaker, and his duties were said to be servicing farm equipment and machinery, including repairing and welding. The only other employee on the ranch at that time was one described as a pump man. He left appellant's employ two or three weeks after the accident, and at the time of the trial his whereabouts were unknown to LaLonde. LaLonde had been in the employ of Monckton for a year prior to the accident, and was still so employed at the time of the trial, a year afterward.

The automotive equipment on the ranch included a pleasure car, an International truck, and the Studebaker pickup truck, all of which were owned by appellant, and a pleasure car and Dodge truck, owned by LaLonde. Both appellant and LaLonde testified that the Studebaker truck was unlicensed and uninsured for the year 1943, because it was not to be used off the ranch, and that LaLonde had been so instructed from the start. Appellant's testimony to the effect that said truck was not to be used by LaLonde even on the ranch was less certain. Both defendants spoke of the International truck as being "assigned" for LaLonde's use.

On the evening of June 8, 1943, LaLonde decided to drive to Knights Landing, a distance of about ten miles. LaLonde's wife was using their own car (whether the Dodge truck or the pleasure car does not appear), and the International truck was loaded with a disc on which he had just been working. According to LaLonde's testimony, without giving the matter any special thought he took the Studebaker pickup truck, and, with the pump man as companion, drove to town. On their return trip the accident occurred.

The asserted liability of appellant is based on section 402 of the Vehicle Code, which provides in part:

"Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

■ Appellant urges that the undisputed evidence shows that, in operating the Studebaker pickup on the highway, LaLonde was violating the express instructions of the owner, particularly the restriction as to place of use, and that therefore the doctrine of nonliability exemplified in cases such as *Engstrom* v. *Auburn Auto. Sales Corp.*, 11 Cal.2d 64 [77 P.2d 1059], and *Henrietta* v. *Evans*, 10 Cal.2d 526 [75 P.2d 1051], should have been applied herein as a matter of law.

However, this view fails to take into consideration two important features of the instant case that were not present in the cases cited: (1) The existence of the relationship of employer and employee as noted in the case of *Burgess* v. *Cahill*, 26 Cal.2d 320, 324 [158 P.2d 393]; and (2) the fact that the trial court with apparent reason refused to give credence to much of the testimony of the defendants relative to the imposition of restrictions on the general use of the pickup. (*Hicks* v. *Reis*, *supra*, at page 661; *Blank* v. *Coffin*, 20 Cal.2d 457, 461 [126 P.2d 868].)

Since in the case at bar the existence of the relationship of master and servant is conceded, we have a situation which falls squarely within the principles of the recent decisions of the Supreme Court embodied in the cases of *Burgess* v. *Cahill*, *supra*; *Hicks* v. *Reis*, *supra*, and *Blank* v. *Coffin*, *supra*.

From these decisions it clearly appears that, in a situation such as this, the fact that the car was owned by appellant

o

and was being driven by his employee, together with other factors (hereinafter mentioned), was sufficient to permit the trial court to infer that the vehicle was being driven with the permission of the appellant owner.

The circumstance that in the present case this inference involved the rejection by the trial court of much of the testimony of the only witnesses who testified to the fact is immaterial, if there was a tenable basis for such a rejection. (*Hicks* v. *Reis, supra,* at pages 659-660; *Blank* v. *Coffin, supra,* at page 461.)

The facts which warranted the trial court in refusing to give full credence to the testimony of defendants are: (1) That both witnesses had an interest in the result of the case. (*Hicks* v. *Reis, supra,* at page 659; *Blank* v. *Coffin, supra,* at page 462. See, also, cases collected in 27 Cal.Jur. 180, § 154) ; and (2) that there were contradictions, discrepancies and inconsistencies in the testimony of both defendants which could have been deemed to detract from its credibility. (*Hicks* v. *Reis, supra,* at page 659; *Blank* v. *Coffin, supra,* at page 462.)

For instance, appellant at first merely denied that he had given LaLonde express permission to use the pickup on the ranch, but later he was positive that he had expressly forbidden such use. Again, LaLonde in his deposition stated positively that his only purpose in driving to town was to telephone his mother's home, while on the trial there was evidence that he had two other minor reasons for making the trip, one connected with the delivery of some laundry, the other to afford his passenger, the pump man, an opportunity to purchase tobacco.

In addition, the testimony of both defendants reflects what might be termed an apparent effort to create the impression that LaLonde was but one of a rather large group of ranch hands who were allowed to use a wide assortment of ranch vehicles, whereas further examination of the facts discloses that there was only one other employee on the ranch and that the vehicle taken that evening was the only empty commercial car available. Thus, appellant referred several times to "one of the men," and LaLonde spoke of a "crew" which turned out to be a man working in the rice fields who "works on a percentage basis of the crop. He has nothing to do with us. . . . He leases the rice."

Finally, the view taken by the trial court of the testi-

mony of the witness, LaLonde, presented a further element tending to support the conclusion reached herein. With respect to the testimony of said witness given on the trial as well as in a deposition introduced into evidence, and particularly that part which dealt with the happening of the accident, it is apparent from the emphasis which the trial court in its written opinion placed on the discrepancies, inconsistencies, contradictions and inherently improbable statements which such testimony contained, that said court concluded that such witness was false in a part of his testimony. This being so, it was not merely the privilege of said court, but indeed his duty, to view with suspicion the testimony of said witness on the issue of permissive use. (Code Civ. Proc., § 2061(3); *Blank* v. *Coffin, supra,* at page 462.)

■ The record contains additional evidence of a number of factors which affirmatively tended to show that the use by LaLonde of the Studebaker pickup that night was with the implied permission of appellant:

The circumstance that the key was left in the car during appellant's absence, and the fact that no check was made upon the oil or gas or mileage to determine whether or not the car had been used (see *Burgess* v. *Cahill, supra,* at page 243; *Blank* v. *Coffin, supra,* at page 462);

The fact that said car had been used on the highways before, inferably during the year 1943 while it was unlicensed, having been so driven by appellant himself in company with LaLonde;

The fact that LaLonde took the car and drove it upon the highway without hesitation and without apparent consciousness of disobeying instructions or violating the law; and

The fact that LaLonde was not discharged from his employment after his alleged disobedience of orders, but was retained in appellant's employ as before. This was substantial evidence of a tacit permission originally given (*Blank* v. *Coffin, supra,* at page 462), irrespective of the question of ratification (compare: *Jameson* v. *Gavett,* 22 Cal.App.2d 646, 651-652 [71 P.2d 937]; *Sullivan* v. *People's Ice Corp.,* 92 Cal.App. 740, 744-746 [268 P. 934]).

■ Since the evidence herein is such that it could not properly be said that the trial court acted "arbitrarily" or was "running away with the case" in drawing the inference of permissive use (*Hicks* v. *Reis, supra,* at pages 659, 660), and since the evidence to the contrary is not "clear, positive, un-

contradicted, and of such a nature that it can not rationally be disbelieved'' (*Blank* v. *Coffin, supra,* at page 461), we have no alternative but to affirm the judgment thereon rendered. (*DeYoung* v. *DeYoung,* 27 Cal.2d 521 [165 P.2d 457]; *Estate of Bristol,* 23 Cal.2d 221, 222-224 [143 P.2d 689].)

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.