[Civ. No. 7254.   Third Dist.   Jan. 17, 1947.]

RICHARD BROWN, a Minor, etc., et al., Respondents, v.
C. H. ALDRICH et al., Appellants.

F. M. Brack for Appellants.

Gilbert Moody for Respondents.

PEEK, J.—This controversy involves a question of the liability of an owner of a motor vehicle for the negligent operation thereof by another under the permissive use provisions of section 402 of the Vehicle Code. Although technically both the owner of the vehicle, C. H. Aldrich, and the driver thereof, Guadalupe Gonzales, the defendants against whom a recovery was had, are appellants herein, the parties in their briefs appear to treat Aldrich as the sole appellant and Gonzales as a defendant having a separable and adverse interest.

The record discloses that appellant Aldrich is the owner of three fruit ranches in Stanislaus County. He em-

ploys thereon, in addition to other help, Mexican nationals, who are housed and fed by him and his partner in a camp situated on one of the ranches. On January 24, 1945, at 5 o'clock p. m., three of the Mexicans, including defendant Gonzales and another employee, H. P. Leon, took a stripped-down Chevrolet ranch truck which was kept at the camp for use on and between the ranches, and drove to the town of Hughson, a distance of three miles, where they consumed some beer. On their return to the camp the truck collided with plaintiff's car causing the damages for the recovery of which this suit was brought. At the time of the accident appellant Aldrich's truck was being operated by defendant Gonzales, with the express consent of Leon. Neither of the two men was a licensed driver, and the truck itself was unlicensed.

Here it should be noted, while there is evidence that defendant Gonzales, the driver of the car, was himself authorized by appellant Aldrich to drive the trucks on the ranches and sometimes drove by the way of the back roads between ranches, the theory on which Aldrich was held answerable appears to be that at the time of the accident the vehicle was being used by Leon as the permittee of Aldrich, and that it is immaterial as far as the latter's liability is concerned that Leon was not personally driving the car but had placed it in the hands of another. If the facts warranted, such a theory would accord with the principles of law applicable to the situation thus presented. (*Herbert* v. *Cassinelli*, 73 Cal.App.2d 277, 281 [166 P.2d 377].)

In addition to the employer-employee relationship the evidence discloses the existence of other factors which justified the trial court in drawing the inference of permissive use: the circumstance that the car was allowed to remain unlocked at the camp; that no check was made upon the gas, or oil, or mileage to determine whether or not it was used off the ranch; that said car frequently had been used on the highways on interranch and other business while it was unlicensed, and on at least one occasion had been accompanied by Aldrich himself; and that neither Gonzales nor Leon was discharged from employment after the alleged disobedience of orders, but was retained in Aldrich's employ as before.

Thus viewed the present case appears to be indistinguishable in principle from *Flemmer* v. *Monckton*, 73 Cal.App.2d 271 [166 P.2d 380], recently decided by this court. In that case one LaLonde, who was an employee of Monckton, and lived on

the latter's ranch, took one of the ranch trucks to drive to town on an errand of his own, and while driving back to the ranch caused the accident complained of. The trial court found that LaLonde was operating the vehicle with the implied permission of the owner under section 402 of the Vehicle Code, and gave judgment for the plaintiffs. This court, applying the principles announced in *Burgess* v. *Cahill,* 26 Cal.2d 320 [158 P.2d 393, 159 A.L.R. 1304] ; *Hicks* v. *Reis,* 21 Cal.2d 654 [134 P.2d 788] ; and *Blank* v. *Coffin,* 20 Cal.2d 457 [126 P.2d 868], held that the existence of the relationship of employer and employee, together with the same factors found in the present case and enumerated in the preceding paragraph, supported the inference of permissive use which the trial court drew, and affirmed the judgment predicated thereon.

Appellants contend, however, that, ''because there was no consent either for the time, purpose or place, *the truck was stolen from Aldrich by Gonzales,* and no rule of law does or should make Aldrich responsible for Gonzales' negligence,'' and that ''the judgment must be reversed, if for no other reasons, *solely because of the fact that Gonzales and Leon actually stole the car from the possession of Aldrich at 5:00 P. M. on January 24.*''

The record does not sustain such contention. Evidence is disclosed therein showing that on various occasions, and after hours, Leon, sometimes in the company of other Mexicans and sometimes with both Mexicans and Caucasians, would drive over public highways to plaintiffs' ranch and purchase melons. Although Aldrich testified he did not know about such trips, nevertheless his expressed concern at the time of the accident was not based on the use of the truck at that particular time but rather on the fact that it was driven on a comparatively much-traveled public road. Support is thereby lent to the inference which the trial court might well have drawn that Aldrich's asserted lack of knowledge of the after hours use of the truck by the Mexicans was due solely to his unconcern about such use.

In any event appellant Aldrich's conduct in retaining both men in his employ after the happening of the accident was wholly inconsistent with any concept that he considered them guilty of feloniously taking his property for their own use. (*Flemmer* v. *Monckton, supra,* at pages 275-276.)

Appellant Aldrich testified that while his truck was used principally around the dry yard near the camp in the sum-

mer, yet with his knowledge and consent it also was used to haul fruit out of the orchard to the dry yard, and during the winter was regularly used to transport laborers to and from the orchard—these trips necessitating traveling over public roads for at least a quarter of a mile. Likewise, he testified that the truck on at least one occasion had been driven to the third ranch, a distance of three or four miles from the home ranch.

It therefore appears that the trial court was warranted in inferring that Aldrich had entrusted the truck to Leon for use which contemplated interranch driving on public roads and the occasional use on such roads for purposes other than merely making a trip between ranches.

Of course the fact that the particular use which the permittee was making of the vehicle at the time of the accident was one not within the scope of his employment would not affect the applicability of the provisions of section 402. (*Burgess* v. *Cahill, supra,* at page 323; *Bayless* v. *Mull,* 50 Cal.App. 2d 66, 75 [122 P.2d 608]. See, also, *Souza* v. *Corti,* 22 Cal.2d 454, 457 [139 P.2d 645, 147 A.L.R. 861].) Were the rule otherwise, and limited to a *respondeat superior* liability, the statute would be of little benefit to innocent third persons injured by reason of the fact that the owner of the vehicle placed a dangerous instrumentality in the hands of another. (*Bayless* v. *Mull, supra,* at page 75.)

The case of *Bradford* v. *Sargent,* 135 Cal.App. 324 [27 P.2d 93], which appellants cite as being the one most nearly in point of all the cases discussed in the briefs, is actually of little assistance here due to the fact that it does not involve the factor of employer-employee relationship between the owner and the permittee, as does the case at bar.

We stated in the Flemmer case, *supra,* at page 276:

"Since the evidence herein is such that it could not properly be said that the trial court acted 'arbitrarily' or was 'running away with the case' in drawing the inference of permissive use (*Hicks* v. *Reis, supra,* at pages 659, 660), and since the evidence to the contrary is not 'clear, positive, uncontradicted, and of such a nature that it can not rationally be disbelieved' (*Blank* v. *Coffin, supra,* at page 461), we have no alternative but to affirm the judgment thereon rendered. (*De Young* v. *De Young,* 27 Cal.2d 521, 526 [165 P.2d 457]; *Estate of Bristol,* 23 Cal.2d 221, 222-224 [143 P.2d 689].)"

Therefore our conclusion herein likewise must be that there

was no error in the determination of the trial court in the present proceeding.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.