SEBASTION PLAUMBO, an Infant, by JAMES PLAUMBO, His Guardian ad Litem, Respondent, *v.* MARTIN RYAN, Appellant.

Second Department, May 22, 1925.

**Motor vehicles — action to recover for injuries suffered — owner is liable under Highway Law, § 282-e, as added by Laws of 1924, chap. 534, for negligence of person using automobile with owner's permission.**

It was the intention of the Legislature by adding section 282-e to the Highway Law by chapter 534 of the Laws of 1924, to abrogate the rule in relation to the liability of an owner of an automobile for the negligence of any third person who was using the automobile so as to provide that the owner shall be liable if the third person is using the automobile with the owner's permission, and to prevent an owner from escaping liability by saying that his automobile was being used at the time and place of the accident without specific authority or not in his business.

APPEAL by the defendant, Martin Ryan, from an order of the Supreme Court, made at the Dutchess Trial Term and entered in the office of the clerk of the county of Dutchess on the 19th day of December, 1924, granting plaintiff's motion made upon the minutes to set aside the judgment and direction of the court dismissing the complaint upon the merits and for a new trial.

*P. C. Dugan,* for the appellant.

*Harold H. Jacobs* [*Raymond E. Aldrich* with him on the brief], for the respondent.

Order setting aside verdict and granting a new trial unanimously affirmed, with costs, on the opinion of Mr. Justice TOMPKINS at Trial Term.

Present — KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ.

The following is the opinion of the Trial Term:

TOMPKINS, J.:

Upon further consideration of the question of law involved in this case, I am convinced that the Legislature by the enactment of chapter 534 of the Laws of 1924,* abrogated the rule asserted by the Court of Appeals in the case of *Rolfe* v. *Hewitt* (227 N. Y. 486) and made the owners of automobiles after July 1, 1924, liable for the negligence of any person operating a car with the permission of the owner whether the automobile was being used in the business of the owner or otherwise. The intent of the Legislature was, in my opinion, to make the owner liable for the negligence of any person to whom he might give permission to operate his car, and thereby prevent an owner from escaping liability by saying that his car was being used without authority or not in his business.

In view of the many attempts by owners to escape liability by claiming that their cars were being used without their authority, or not in their business, I think the new law is salutary.

I believe I made a mistake in directing a verdict for the defendant, and I will grant the plaintiff's motion to set aside the verdict and will grant a new trial and set the case down for December twenty-ninth.

*Adding to Highway Law, § 282-e. Since amd. by Laws of 1925, chap. 167.— [REP.