[Civ. No. 9487. Second Appellate District, Division Two.—April 1, 1935.]

JOSEPH A. BOLAND, Appellant, v. A. J. GOSSER, Respondent.

Lasher.B. Gallagher for Appellant.

Paul Nourse for Respondent.

CRAIL, J.—Respondent Gosser was the owner of a new automobile which he had purchased from defendant Don Lee, Inc. He later purchased an automobile radio from the same source. The reception on the radio was unsatisfactory, and on the day of the accident. Gosser telephoned Don Lee, Inc., requesting that it make the proper adjustments. For that purpose Don Lee, Inc., sent one of its men to get the car. After certain repairs were made on the machine itself, the car was sent by Don Lee, Inc., to the place of business of the defendant Fey & Krause, independent contractors, for repair work on the radio. The latter turned the automobile over to defendant Earl Williams, an independent contractor, who made certain adjustments to the radio and took the car out on the road to test the work done. Defendant Williams

was driving the car when the accident happened which caused plaintiff's injuries. The court found that defendant Williams was guilty of negligence proximately causing the injuries and damage to the plaintiff and gave judgment for the plaintiff and against the defendant Williams in the sum of $3,000, but gave judgment against the plaintiff as to the other defendants.

The only question involved is stated by the appellant as follows: "Are the provisions of section 1714¼ of the Civil Code applicable to the facts involved in this appeal?" Said section reads as follows: "Every owner of a motor vehicle shall be liable and responsible for the death or injury to person or property resulting from negligence in the operation of such motor vehicle, . . . *by any person using or operating the same with the permission, express or implied, of such owner, . . .* "

Appellant contends that the trial court should have rendered judgment against the defendant A. J. Gosser, under the provisions of said section on the ground that the defendant Williams was using the car with the implied permission of the defendant Gosser. Whether the defendant Williams had such permission was a question of fact to be determined by the trial court upon the facts and circumstances in evidence and the inferences reasonably to be drawn therefrom. Sometimes conflicting inferences may be drawn by reasonable minds from the same set of facts. Where, as in this case, the facts and circumstances in evidence may reasonably authorize either one of two opposite inferences and the trial court has adopted one and rejected the other, its decision is binding upon the appellate court, the case being in substance the same as where the trial court decides upon the weight of contradictory evidence. (*MacDermot* v. *Hayes,* 175 Cal. 95 [170 Pac. 616]; *Haight* v. *Haight,* 151 Cal. 90 [90 Pac. 197]; *Paine* v. *San Bernardino etc. Co.,* 143 Cal. 654 [77 Pac. 659].)

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1935.