[Civ. No. 9422. Second Appellate District, Division Two.—April 19, 1935.]

LOTTIE E. HOWLAND et al., Appellants, v. ELMER G. DOYLE et al., Defendants; REO DENNIS COMPANY, INC. (a Corporation), Respondent.

Paul Nourse and Forrest A. Betts for Appellants.

Goodwin J. Knight and Knight & Reynolds for Respondent.

FRICKE, J., *pro tem.*—This is an action to recover damages for a death resulting from the negligent operation of a motor truck. The trial court granted the motion of defendant Reo Dennis Company for a nonsuit and the jury returned a verdict for damages against the other defendants.

The appeal raises no question as to plaintiff's right to recover damages but only the question as to whether there was any evidence which would make Reo Dennis Company liable for the payment thereof. If there was any substantial evidence to support a *prima facie* case against that company, the granting of the nonsuit was error.

Defendant Robert G. Fifield, employed by his brother who did business under the name of Victor Tank Line, hauling oil and gasoline, visited Reo Dennis Company, which was a dealer in motor vehicles and which had in its possession the Sterling truck here involved. The president of the Reo Dennis Company, John D. Scouller, informed Fifield, who had previously demonstrated and sold trucks for the company, that he had this truck and was desirous of selling the same. Fifield expressed an interest, either from the standpoint of purchasing the truck himself or of selling it to someone else but expressed a doubt as to whether the truck would stand up under the kind of work necessary to make it a paying proposition and offered to take the truck for the purpose of demonstrating either for the purpose of buying the truck himself, if it proved efficient, or of selling it to someone else. Nothing was said in the conversation which would indicate that anyone other than Fifield would drive or test the truck nor did Reo Dennis Company or any of its officers know that Fifield had, upon calling for the truck several days later, turned it over to the defendant Doyle, who drove and operated it thereafter and who had been hired by Fifield to try out the truck. The legal title to the truck was in Com-

mercial Investment Trust having been financed through that corporation on a former sale by Reo Dennis Company but repossessed by the latter company upon default by the purchaser in his payments. No contract of sale or transfer of ownership was made to Fifield but the truck was turned over to him with the understanding that he would try it out. During the use of the automobile, some bearings which had burnt out were replaced and some changes and repairs were made by respondent company. About three days after the last work on the truck and about a month after Fifield first received it, and while Doyle was operating it, the accident here involved occurred.

█ Appellant urges that evidence of ownership alone is sufficient upon which to predicate the inference of agency and relies upon *Grantham* v. *Ordway*, 30 Cal. App. 758 [182 Pac. 73]. In that case, however, the driver was in the employ of the owner of the motor vehicle and the presumption existed that he was acting within the scope of his employment. The case cited is not in point as the driver here was the employee of Fifield and engaged in the latter's business.

█ Appellant also claims that ownership of the truck of itself renders Reo Dennis Company liable under section 1714¼ of the Civil Code which so far as applicable here reads: "Every owner of a motor vehicle shall be liable and responsible for the death or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

Appellant cites *Gammon* v. *Wales*, 115 Cal. App. 133 [300 Pac. 988], which holds an owner liable under this section even though at the time of the accident the vehicle was not being operated in the business of the owner. This does not, however, cover the question here as the liability of an owner under section 1714¼ is contingent upon the vehicle having been used or operated with the express or implied permission of the owner. Section 1714¼ places upon the owners of automobiles a statutory liability which otherwise would not exist. Before this section can be applied, it must appear by the proof that the vehicle was used or operated "with the permission express or implied, of such owner". The existence of such permission cannot be left to specula-

tion or conjecture nor be assumed, but must be affirmatively proved as an essential element of the cause of action. Such proof must consist of facts and circumstances from which can follow the inference that the owner either expressly gave permission or that his acts' and conduct were such that permission might be implied. Where the evidence does not warrant either of such inferences section 1714¼ does not apply as a matter of law.

◼ There was no express permission for Doyle to drive the truck and the theory of implied permission is not tenable from the evidence. The Reo Dennis Company turned the possession of the truck over to Fifield with a sale of the same in prospect and with the incident permission to try it out. Nowhere does it appear that the company had any knowledge or information that Fifield was going to turn the truck over to a third person to drive and test and particularly is there no basis for a claim that the company knew that Doyle would be the driver. ◼ Permission to drive a motor vehicle, implied as well as express, such as is necessary to bring the case within section 1714¼, can only exist when the owner had knowledge or at least reason for believing that the vehicle would be driven by the person with whose negligence it is sought to charge him. A person cannot be said to have permitted that of which he had no knowledge or information (*Bradford* v. *Sargent*, 135 Cal. App. 324, 332 [27 Pac. (2d) 93]). There is no evidence upon which a liability of Reo Dennis Company could be based.

◼ Appellants claim error because the trial court would not permit the examination of one R. F. Marshall as ''a party to the record'' under the provisions of section 2055 of the Code of Civil Procedure. Appellants admit that Marshall, who was not named as a defendant, was not a party in interest but rest their claim solely on the fact that Marshall was the receiver in equity of the Reo Dennis Company and that this relationship made him ''a party to the record'' of the action. Section 2055 from its very nature is limited in its application to adverse parties to the action. The mere fact that the answer in behalf of Reo Dennis Company was by and through Marshall, the receiver, does not make him a party to the action.

◼ Appellant also claims that the defendant Fifield was called by plaintiff under section 2055, Code of Civil

Procedure, and that the court ruled that the witness could not be examined as to any matter except the subject of damages. An examination of the record discloses a somewhat different situation. It there appears that appellant's counsel declared that he did not intend to call Fifield as a witness and offered the latter's deposition and that the court held that since Fifield had not answered and his default having been entered, no question as to Fifield remained except the amount of his liability and that any statements in his deposition relating to anything other than the amount of damage would be hearsay as to the remaining defendants. Thereafter Fifield was called to the witness stand under section 2055. To this respondents objected and the objection was sustained but the court stated that it would permit any questions pertaining to the subject of damages. Appellants, then called "as a party of record" and questioned Fifield and without any limitation as to subject matter, the examination and cross-examination covering some forty-two pages of the reporter's transcribed transcript.

We can see no error nor have appellants shown any prejudice from the rulings of the court.

Judgment affirmed.

Stephens, P. J., concurred.

CRAIL, J., Dissenting.—I dissent. The evidence upon which plaintiff relies is referred to in appellants' brief, pages 14 to 30, inclusive, and is supported by citations to the reporter's transcript. In my opinion there is evidence a plenty to sustain the inference that the use of the truck by the defendant Doyle was with the implied consent of the defendant Reo Dennis Company, Inc. The judgment should be reversed to the end that the cause may be determined upon its merits. I think this is in accord with our holding in the case of *Boland* v. *Gosser*, 5 Cal. App. (2d) 700 [43 Pac. (2d) 559].

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1935.