[Civ. No. 3857.   Fourth Dist.   Nov. 15, 1949.]

JOHN G. HAMILTON et al., Appellants, v. MADISON AUTO SALES COMPANY (a Corporation) et al., Respondents.

620

Eugene S. Ives and Schell & Delamer for Appellants.

Chase, Rotchford, Downen & Chase and Richard T. Drukker for Respondents.

MUSSELL, J.—Action for damages for personal injuries and property damage arising out of a collision of vehicles.

Defendant Madison Auto Sales Company of Jackson, Mississippi, through its agent, Rodney Henderson, contacted defendant F. M. Deason at Memphis, Tennessee, by telephone and Henderson stated that he had 125 trucks at the Naval Base at Oxnard, California, which he wanted uncrated and moved to Jackson, Mississippi. Deason agreed to bring the trucks to Jackson for the sum of 15 cents per mile and to pay the drivers and all incidental expenses. Deason came to California and while he was moving a convoy of six of the trucks through Riverside County, one of them being operated by defendant Warren L. Straign, collided with an automobile and trailer owned and operated by plaintiff John G. Hamilton. Plaintiffs, who were all riding in the Hamilton car at the time of the accident, commenced this action against the three named defendants, alleging, among other things, that the truck involved was owned by defendant Madison Auto Sales Company, and at the time of the accident was being driven by defendant Warren L. Straign, with the knowledge and consent of the defendant company; that at the said time Straign was the agent, servant and employee of the defendant company and was acting within the scope and course of said agency and employment; that at said time defendant Deason was the agent, servant and employee of the defendant company and was acting within the scope of said agency and employment.

A jury returned a verdict against all three defendants and assessed damages as follows: $150 in favor of plaintiff Bonnie Kay Hamilton; $2,585 in favor of plaintiff Irene Hamilton; $11,901 to John Hamilton for personal injuries, doctor bills, medical expenses and loss of salary, together with $1,000 property damage.

The trial court granted a motion for judgment notwithstanding the verdict made by defendant Madison Auto Sales Company, hereinafter referred to as the "Company," and plaintiffs appeal from the judgment then entered in favor of the company.

It is stipulated by the parties to this appeal:

"1. That there was evidence at the trial sufficient to establish negligence proximately contributing to the happening of the accident on the part of the defendant Warren L.

622

Straign, the driver of the truck involved in the accident in this case.

"2. That the evidence did not establish as a matter of law that the plaintiffs, or any of them, were guilty of contributory negligence proximately contributing to the happening of said accident.

"3. That there was evidence at the trial as to the injuries and damages sustained by the plaintiffs and each of them, sufficient to support the verdict of the jury as to the amount of injuries and damages sustained by the plaintiffs and each of them.

"4. That the only questions involved in this appeal involve the sufficiency of the evidence to support the finding of liability on the part of the defendant Madison Auto Sales, Inc., for the said negligent conduct on the part of said Warren L. Straign."

█ In considering the agreed questions set forth in paragraph 4 of the stipulation, we are governed by the rule set forth in *Burgess* v. *Cahill,* 26 Cal.2d 320, 321, 322 [158 P.2d 393, 159 A.L.R. 1304], that a court may direct a verdict only when, disregarding conflicting evidence and giving plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn therefrom, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiffs. █ Viewing the evidence in accordance with the rule and considering first the question of liability based on the provisions of section 402 of the Vehicle Code which provides in part: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages," it appears that there was no direct testimony as to the ownership of the truck involved. However, there was evidence that Deason was furnished with a bill of sale to all trucks moved; that the truck involved in the accident, together with the bill of sale thereto, was delivered by Deason to the company at Jackson, Mississippi. Certified copies of the records of the State of Mississippi were admitted in evidence showing that the defendant company was the dealer and owner of about 80 of the trucks delivered by Deason; that most

of the vehicles were delivered at Jackson but some were taken to other points at the order of the company. Deason testified that he procured Mississippi dealer's licenses on some 30 of the trucks, including the one involved in the accident and that licenses were issued in his name, but that he could not recall the number of the truck involved. In this connection it should be noted that the defendant company failed to offer any evidence at the trial as to the ownership of the truck involved in the collision. The bill of sale was delivered by Deason to the defendant company at Jackson and the evidence indicates that it was within the power of the company to produce it at the trial. Under such circumstances, the presumption arises that the evidence if produced would operate to its prejudice and support the contention of the plaintiffs that the company in fact owned the vehicle. (*Tieman* v. *Red Top Cab Co.*, 117 Cal.App. 40, 46 [3 P.2d 381].)

Moreover, proof on the part of the plaintiffs was aided by certain presumptions. It is presumed that things which a person possesses are owned by him and that a person is the owner of property from exercising acts of ownership over it. (Code Civ. Proc., § 1963, subds. 11 and 12; *Nash* v. *Wright*, 82 Cal. App.2d 467, 473 [186 P.2d 686].) We conclude under the evidence and the presumptions referred to that the jury was entitled to draw the inference and find as a fact that the defendant company was the owner of the truck in question at the time of the accident. Special interrogatories were submitted to the jury and it found specifically that the defendant company was the owner of the truck involved. The evidence is clear that the defendant, Deason, had permission, both express and implied, to operate the vehicle for the owner. We conclude that plaintiffs established liability on the part of the defendant company under the provisions of section 402 of the Vehicle Code. (*Burgess* v. *Cahill, supra,* p. 323) (*Stewart* v. *Norsigian,* 64 Cal.App.2d 540, 547 [149 P.2d 46, 150 P.2d 554].)

Plaintiffs contend that defendants Straign and Deason were the agents, servants and employees of defendant company and that at the time of the accident they were acting within the scope of the agency and employment. We are unable to agree with this contention.

The uncontradicted testimony and all reasonable inferences which may be drawn therefrom establish the relationship of Deason to the company as that of an independent contractor.

He was to be paid 15 cents per mile to move the trucks. He carried insurance at a cost of $4.00 per unit for every unit moved and workmen's compensation on his employees. He was required to pay the drivers and all incidental expenses. It is undisputed that Deason had complete control over the movement of the trucks, the routes to be taken, the time and manner of the delivery; he obtained in his own name proper Mississippi license plates; he paid proper taxes for the privilege of moving the vehicles across the highways of various states, including California and Arizona; he supervised the activities of his employees in moving the trucks, including the making of rules for the payment of the cost of necessary repairs; he was in complete control of the operation of the vehicles upon the highways.

The general rule applicable in the determination of the question as to whether Deason was the agent, servant or employee of the defendant company or an independant contractor is as set forth in *Anderson* v. *Badger*, 84 Cal.App.2d 736, at page 741 [191 P.2d 768]. It is there said that if the one who is to perform the service is subject to control as to the manner of performance by the one for whom the service is rendered he is an employee, or agent, whereas, if he is not subject to control but is engaged to produce a certain result by means and in a manner of his own choosing he is an independent contractor.

In *Brooks* v. *Johnson*, 22 Cal.App.2d 618 [72 P.2d 194], this court passed upon the question here presented where the facts were quite similar to those in the instant case. There an automobile dealer selling cars in San Diego engaged one Bert Vroom to bring automobiles purchased by the dealer at the factory in Detroit to San Diego for $65 per car. Vroom was to engage and pay the drivers and all expenses of the trip. The only arrangement made with Vroom as to the drivers was a request by Johnson that they be local San Diego men with families and that Vroom select capable drivers of reputable character. Johnson did not see or talk to any of the drivers about the trip and did not agree to or pay them anything. Johnson designated to Vroom the route he was to take and gave instructions as to when and where to change the oil in the cars. Webber, a driver hired by Vroom, was driving one of the cars involved in an accident. We there held that Johnson did not reserve to himself the right to control the operations of the convoy and that Vroom was the independent contractor

and not the agent, servant or employee of Johnson and that Johnson was not liable for the negligence of Webber.

In the instant case the driver, Straign, was employed by Deason and was not the agent, servant or employee of the defendant company. There is no intimation in the record that the company had any right to terminate the contract with Deason before the cars were delivered at Jackson. The company had no right of discharge and the contract was for the delivery of cars at the rate of 15 cents per mile. The details of the conduct of the convoy were in the exclusive control of Deason. It follows that he was an independent contractor and not the agent, servant or employee of the company.

Since we have concluded that there was sufficient evidence to support an inference that the truck in question was owned by the company, the judgment notwithstanding the verdict is reversed and the judgment entered upon the verdict of the jury is affirmed, limiting the amount recoverable against the defendant company to the liability imposed under section 402 of the Vehicle Code, to wit: for the sum of $5,000 for personel injuries and $1,000 property damage in favor of plaintiff, John G. Hamilton; the sum of $2,585 in favor of Irene Hamilton, and the sum of $150 to Bonnie Kay Hamilton, and for costs, and the trial court is directed to enter judgment accordingly.

Barnard, P. J., and Griffin J., concurred.

Both petitions for a rehearing were denied December 9, 1949.