[Civ. No. 10906. First Appellate District, Division Two.—November 28, 1939.]

HARRY BURFORD, Respondent, v. OSCAR HUESBY et al., Defendants; W. B. JUETT, Appellant.

Charles V. Barfield and John J. Healy, Jr., for Appellant.

J. Francis Shirley and Joseph W. Robb for Respondent.

SPENCE, J.—Plaintiff sought damages for personal injuries against defendants Huesby and Juett, the former being the operator of a certain Dodge automobile involved in the accident, and the latter being the owner thereof. The cause was tried by the court sitting without a jury and from a judgment in favor of plaintiff and against said defendants in the sum of $1570, defendant Juett appeals.

Defendant contends that the evidence was insufficient to sustain certain findings of the trial court in which it was found that defendant Huesby was acting as the agent of defendant Juett and that defendant Huesby was driving the

automobile of defendant Juett with the permission of said defendant Juett. It is conceded, however, that if the evidence was sufficient to sustain the finding that defendant Huesby was driving defendant Juett's automobile with the permission of the latter, the judgment should be affirmed. We are of the opinion that the evidence was sufficient for that purpose and we therefore deem it unnecessary to discuss the question of the sufficiency of the evidence to sustain the finding of agency.

Section 402 of the Vehicle Code imposes liability upon the owner of an automobile when the driver, whose negligent operation of the automobile caused the injury, operated the automobile "with the permission, express or implied, of such owner." It is therefore apparent that the permission may be either express or implied and that evidence showing an implied permission is sufficient to sustain the above-mentioned finding and judgment.

Speaking of the word "implied", it is said in Black's Law Dictionary, third edition, page 924, "This word is used in law as contrasted with 'express'; i. e., where the intention in regard to the subject-matter is not manifested by explicit and direct words, but is gathered by implication or necessary deduction from the circumstances, the general language or the conduct of the parties." Defendant admits that "prior knowledge that the driver intends to use the car is not necessary to find an implied permission", for as was said in *Phipps* v. *Shacklett*, 137 Cal. App. 109, at page 111 [29 Pac. (2d) 917], "prior knowledge that the driver intends to so use the car is not necessary. That seems to be necessarily implied from the use of the words 'express or implied' in connection with the owner's 'permission'. 'Express' necessarily implies previous knowledge of the intended private use. 'Implied' must mean without such previous knowledge, but under circumstances from which consent to use the car is necessarily implied".

The accident in the present case occurred around 11:00 P. M. on the highway between Pittsburg and Antioch. Plaintiff was riding in an automobile which was struck by the automobile operated by defendant Huesby and owned by defendant Juett. At that time defendant Huesby was accompanied by his wife and a Mr. Eaby. He was driving from his home in Pittsburg to Antioch, a distance of about five miles, for the purpose of returning Mr. Eaby to Antioch from

whence Mr. Eaby had been driven a few hours earlier by defendant Juett. Defendant Juett was not in the automobile at the time but was asleep at the home of defendant Huesby in Pittsburg.

Defendant Juett owned a beer and soft drink parlor in Antioch. He also was a commission salesman for Investor's Syndicate, a concern which sold some form of investors' certificates. Defendant Huesby was the manager of a brokerage company in Pittsburg which company was engaged in the loan business. Said defendants were intimate friends and visited each other frequently. Mr. Eaby had become acquainted with both defendants but was not an intimate friend of either.

Defendant Juett was apparently very liberal in permitting his friends and prospective customers to use his automobile. He testified, ''I have always been very liberal that way, tried to help out. Anybody can drive my car if I think they are right. . . . I generally like to have them tell me where they are taking it. . . . Every day it is being done. . . . Most every day around my place, someone will come in and say, 'Juett, I have to go up here a block or two, can I use your car?' 'Sure'. . . . They generally come to the door and holler.'' He further testified that it was his habit to leave his keys in his car. On a previous occasion defendant Huesby had used a truck belonging to defendant Juett. Defendant Juett testified that he knew that defendant Huesby was moving at that time and he thought he ''volunteered the truck'' for defendant Huesby's use without being asked for it.

There are some minor conflicts in the evidence regarding what was said and done on the evening in question but on this appeal we must resolve these conflicts in favor of plaintiff. It appears that Mr. Eaby met defendant Juett in the latter's place of business in Antioch on that evening and that said defendant invited Mr. Eaby to take a ride with him to Pittsburg. He testified ''My purpose was to see Huesby on Investors' Syndicate and just meeting Eaby, I thought it was a good time to get acquainted with him, always looking for business.'' In other words, defendant Juett believed both men were business prospects. Before consenting to go to Pittsburg, Mr. Eaby told defendant Juett that he had to go to work at midnight and defendant Juett assured him that he would get him back. Mr. Eaby left his own car in Antioch and the two men proceeded to Pittsburg

and to the home of defendant Huesby in the car of defendant Juett arriving at about 8 P. M. There they visited with defendant Huesby and his wife, the two defendants conversing together most of the time regarding Investors' Syndicate while Mr. Eaby and Mrs. Huesby had a conversation. There was considerable beer consumed during the evening. Defendant Juett had brought eight pints himself, all of which was consumed. He admitted that he drank a quart of beer at the Huesby home. He had been up all night the previous night, had been drinking beer that afternoon, had not had dinner, and he became sleepy as the evening wore on. On several occasions during the evening, Mr. Eaby mentioned the fact that he had to get back to Antioch in time to go to work. Finally defendant Juett fell asleep on the davenport and Mr. Eaby became very anxious about getting back. Defendant Huesby then undertook to drive Mr. Eaby back in order to avoid the necessity of awakening his good friend from his much needed sleep.

As they left the house, it was noticed that defendant Juett's car partially blocked the driveway in which defendant Huesby's car was parked. The last-mentioned car was seven years old and the headlights were defective. Defendant Huesby said, "We'll take Fat's car," meaning the car of defendant Juett. The keys had been left in the car according to the custom of defendant Juett and the parties started for Antioch in that car, leaving defendant Juett slumbering at the Huesby home. When asked why he did not awaken defendant Juett and request express permission to use the car, defendant Huesby testified, "Well, he was a good friend and he seemed to be very tired and we didn't think it was necessary to do that." Defendant Juett was not awakened until about 1 A. M. when someone was sent to the Huesby home for that purpose after the accident had happened.

Defendant Juett did not criticize defendant Huesby for using the car and upon the trial he testified that such use of his car on the night in question was perfectly agreeable to him. After the accident and before the trial, plaintiff told defendant Juett that he understood said defendant was claiming that defendant Huesby had no permission to use the car. Said defendant replied, "After this accident, I was faced with four damage suits amounting to $75,000.

You see what kind of a spot I was in and I had to rely on some out.''

In disposing of this appeal, we do not deem it necessary to discuss the question of whether a mere showing of ownership by defendant Juett was sufficient to give rise to an inference of permissive use by defendant Huesby. This question is touched upon but not decided in the recent case of *Engstrom* v. *Auburn Automobile Sales Corp.*, 11 Cal. (2d) 64 [77 Pac. (2d) 1059], where it was assumed, solely for the purpose of that decision, that such showing was sufficient for that purpose. In the present case there was ample evidence, without resort to such inference, to show that there was implied permission for defendant Huesby to use defendant Juett's car. It appears that defendant Juett made it a general and daily practice of lending his automobiles to his friends for their use; that defendant Huesby was one of his intimate friends; that defendant Juett had previously loaned defendant Huesby an automobile for the latter's use at which time he had "volunteered" it; that on the occasion in question, defendant Juett had taken Mr. Eaby, a friend and business prospect, from Antioch to defendant Huesby's home in Pittsburg upon the promise to get him back to Antioch in time to go to work at midnight; that either through the use of intoxicating liquor or because of lack of sleep or both, defendant Juett had fallen asleep in the Huesby home and it was doubtful, to say the least, whether he was in any proper condition to fulfill his promise to Mr. Eaby; that defendant Huesby was willing to perform that service for defendant Juett and knowing defendant Juett's attitude regarding the use of his car, he felt it entirely unnecessary to disturb defendant Juett from his slumber for the purpose of obtaining express permission. It may be conceded that there was no evidence to show that express permission had been given with prior knowledge of the intended use at the particular time and place, but, as indicated by the above-mentioned authorities, it was not necessary to show such express permission or such prior knowledge. Implied permission was sufficient and we are of the opinion that the evidence relating to the conduct of the parties and the circumstances existing at the time fully justified a finding that defendant Huesby had implied permission to use said automobile of defendant

Juett for the purpose for which he was using it at the time the accident occurred.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 28, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1940.