[Civ. No. 8020. Third Dist. Apr. 12, 1952.]

DANIEL O. ANDERSON, Respondent, v. HARRY SPEN-
CER WAGNON et al., Defendants; MRS. B. H. CLARK,
SR., Appellant.

Palmer & York for Appellant.

DeCastle & Eymann for Respondent.

SCHOTTKY, J. pro tem.—Plaintiff brought an action to recover damages for personal injuries sustained on June 21, 1944, as a result of the alleged negligent operation of an automobile operated by defendant Wagnon. It was alleged that the automobile was under the control of defendant Marshall, and owned by defendant Clark; and that Marshall was operating the automobile "with the knowledge, consent, permission and authority of defendant Clark."

The cause was tried by the court, sitting without a jury, and the court found (1) that "the defendant Harry Spencer Wagnon was driving said automobile under the express direction and control, and for the use and purpose of defendant Florence Marshall"; and (2) that "defendant Harry Spencer Wagnon was driving the said automobile with the knowledge, permission, consent and authority, express or implied, of the defendant Mrs. B. H. Clark, Sr." Judgment was entered in favor of plaintiff in the sum of $12,500, except that recovery against defendant Clark was limited to $5,000, the statutory liability limit pursuant to section 402 of the Vehicle Code. Defendant Clark has appealed from the judgment.

The sole question involved in this appeal is appellant Clark's liability under section 402 of the Vehicle Code, which section makes the owner of an automobile liable for its negligent operation by another person with "the permission, express or implied" of the owner. Appellant contends that the evidence is insufficient to support the court's finding that the automobile was being used with her permission at the time of the accident.

█ It is a rule too well established to require the citation of authorities that, before an appellate tribunal is justified

in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party which may be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes such prevailing party from recovering a judgment. ██ The evidence must be construed most strongly against the losing party. Every favorable inference and presumption which may fairly be deduced from the evidence should be resolved in favor of the prevailing party. ██ The prevailing party's evidence must ordinarily be accepted as true, and evidence which is contradictory must be disregarded. With this familiar rule in mind, we shall give a brief summary of the evidence as shown by the record.

██ Appellant Clark became the owner of an auto court in Calistoga, California, following the death of her husband, January 7, 1943. She did not live at the auto court after her husband's death. Her son, a minor, lived at the court and managed it. In March, 1943, the son purchased the automobile in question. The registration certificate was made out in appellant's name, following her written application therefor. The appellant provided $200 for the purchase, and her son added approximately $50. Regarding her part in the purchase of the automobile, appellant testified: "I gave my youngest son money as a gift and he had always worked for my husband very well; we sent him to school and don't know what wages he had but he always paid out for his expenses and lived at home and he was working for my husband. So having some money and an extra check from the brother Charles Clark, an extra check coming in to help my husband long before he passed away from his brother, so I gave that check to my son Charles to purchase an automobile—Charles Franklin Clark."

Appellant's son entered the Army on April 28, 1943. The automobile remained at the auto court. In May, 1943, defendant Marshall, appellant's daughter, moved into the auto court. Appellant testified that this move was made without her knowledge or permission. Appellant further testified: "Q. After you had found them to be in possession of the property did they make any arrangement with you relative to the management of the property or the payment of rentals to you or anything of that sort? A. Well, in case they had rented the cabins I may have told them to give me something but I

don't think they were renting them much or whether they had anything but in case they did, I might have asked them.''

Defendant Wagnon was living at the auto court at the time of the accident. He testified that defendant Marshall used the automobile all the time, and that he had no recollection of any other car being on the premises; that defendant Marshall replaced the tires; that he drove the car a number of times and that defendant Marshall gave him the keys when he drove it.

Appellant Clark testified that she did not drive; that someone informed her that the car was in her name; that ''I think I have probably told my daughter perhaps not to drive it— I might have told her, I don't know. I am not sure whether I did''; that her daughter did not tell her that she was using the car; that she never saw the daughter use the car; and that she had no reason to believe she was using the car.

Appellant's son testified that his sister, defendant Marshall, asked his permission to use the car and he refused; and that he instructed her to put the car in storage.

During the period the premises were occupied by appellant's daughter, the appellant visited the auto court. She visited at least once a month in 1943 and less frequently in 1944. Her last visit was three or four days prior to the accident.

The highway patrol officer testified that the registration slip showed registration to defendant Marshall. Defendants' exhibit introduced at page 121, a certified copy of the records of the Motor Vehicle Department, shows the car to have been registered to appellant at the time of the accident.

On the day of the accident, defendant Marshall drove the car to Santa Rosa from the auto court in Calistoga. She was accompanied by defendant Wagnon. The accident occurred on the return trip. Wagnon was operating the vehicle. According to Wagnon, defendant Marshall was intoxicated and asleep.

There was no direct testimony that appellant Clark consented to defendant Marshall's driving the automobile, nor was there any testimony that appellant was present when either defendant Marshall or defendant Wagnon was driving it.

In arguing that the evidence is insufficient to show that the automobile was operated with the consent of the owner, appellant asserts that her evidence is not contradicted and that such evidence shows that she did not give her express consent

and that she had no knowledge prior to that accident that the automobile was used by her daughter, the defendant Marshall, or by defendant Wagnon. We doubt the correctness of this assertion of appellant and believe it is contradicted by the evidence in the record, with the inferences which may reasonably be drawn therefrom. ▮ But even if appellant were correct in stating that there was no evidence to show her express consent and knowledge, we agree with respondent's contention that such facts were peculiarly within the knowledge of defendants, and that implied permission to use an automobile may be found even where the owner and permittee expressly deny that permission was given.

The following language of the court in *Casey* v. *Fortune*, 78 Cal.App.2d 922, at page 924 [179 P.2d 99], is applicable:

"Even though the testimony of the owner and the driver of the automobile was uncontradicted, the trial judge was not required to accept it. Appellant's answers were evasive as to whether she had knowledge, prior to the night of the accident, that Robert had been driving the automobile. While prior knowledge is not a necessary element of implied permission (*Burgess* v. *Cahill*, 26 Cal.2d 320, 324 [158 P.2d 393, 159 A.L.R. 1304]), the evidence was sufficient to support a finding that appellant did have knowledge prior to the accident that Robert had been driving her automobile. Although she said that she 'didn't want' him to drive the automobile and she had told him the reason why she didn't want him to drive it, and although the circumstances with respect to his prior use of the automobile were such that she should have suspected that he had disobeyed her, she did nothing further on the night of the accident to prevent him from using the automobile. On the contrary, she continued to keep the keys where they were easily obtainable by him, 'in plain view' on the buffet where 'We always keep our keys.' The court may have concluded that, under the circumstances, the keeping of the keys in such an accessible place refuted her testimony that he was told not to use the automobile."

And in *Flemmer* v. *Monckton*, 73 Cal.App.2d 271, the court said, at page 275 [166 P.2d 380]:

"The facts which warranted the trial court in refusing to give full credence to the testimony of defendants are: (1) That both witnesses had an interest in the result of the case. (*Hicks* v. *Reis*, *supra* [21 Cal.2d 654 (134 P.2d 788)], at page 659; *Blank* v. *Coffin*, *supra* [20 Cal.2d 457 (126 P.2d 868)], at page 462. See, also, cases collected in 27 Cal.Jur.

180, § 154); and (2) that there were contradictions, discrepancies and inconsistencies in the testimony of both defendants which could have been deemed to detract from its credibility. (*Hicks* v. *Reis, supra,* at page 659; *Blank* v. *Coffin, supra,* at page 462.)"

See, also, *Bloyd* v. *Senn,* 100 Cal.App.2d 597 [224 P.2d 117].

We believe that the following quotation from the thorough and well-reasoned memorandum opinion of the learned trial judge is fully sustained by the record and the authorities:

"This court is of the opinion that under the foregoing and hereinafter cited authorities the evidence herein must be deemed to establish the implied permission of defendant Clark for defendant Marshall to operate the Plymouth sedan; that the following 'significant factors' dictate such a conclusion. (*Scheff* v. *Roberts,* 35 Cal.2d 10, 14-15 [215 P.2d 925]):

"At the time the automobile was purchased the defendant Clark insisted that the same be registered in her name; from March, 1943, to April, 1944, the automobile was used by defendant's seventeen year old son, Charles F. Clark, without apparent knowledge and total unconcern by defendant Clark of the character of the use of the car by said minor son; upon Charles F. Clark's induction into the service the automobile was left upon defendant Clark's premises which were then or immediately thereafter in charge of defendant Marshall and her husband; despite the fact that upon the son's induction into the service, defendant Clark was warned by other members of her family that the automobile was registered in her name as the owner thereof, no steps were taken by her to prohibit or restrict the use of the automobile by defendant Marshall or any other person, either by the removal of the ignition key or any other proper and reasonable measures; despite the fact that the automobile was registered in her name and was upon her property, defendant Clark made no effort to ascertain whether the same was being used and visited the premises upon which said automobile was maintained upon only two occasions between April, 1943, and June 21, 1944."

Appellant contends that to find implied consent either knowledge or past use or reason to believe the vehicle will be operated must be established, and cites *Bradford* v. *Sargent,* 135 Cal.App. 324, 329 [27 P.2d 93], where the court stated:

"Express permission would necessarily include prior knowledge of the intended use and an affirmative and active con-

sent to it. An implied consent would indicate a sufferance of use or a passive permission deduced from a failure to object to a known past, present or intended future use under circumstances where the use should be anticipated. Knowledge of some act or intended act on the part of the user by the owner should be necessary before consent to use should be implied. (*People* v. *Conness,* 150 Cal. 114 [88 P. 821]; *Cramer* v. *Jenkins,* 82 Cal.App. 269 [255 P. 877, 256 P. 444]; *People* v. *Duncan,* 22 Cal.App. 430 [134 P. 797].) It is obvious that the burden of proving an express or implied permission rests on the party asserting the protection of the statute.''

But in the later case of *Burford* v. *Huesby,* 35 Cal.App.2d 643 (hearing in Supreme Court denied), the court said, at page 647 [96 P.2d 380]:

''. . . It may be conceded that there was no evidence to show that express permission had been given with prior knowledge of the intended use at the particular time and place, but, as indicated by the above-mentioned authorities, it was not necessary to show such express permission or such prior knowledge. Implied permission was sufficient and we are of the opinion that the evidence relating to the conduct of the parties and the circumstances existing at the time fully justified a finding that defendant Huesby had implied permission to use said automobile of defendant Juett for the purpose for which he was using it at the time the accident occurred.''

And in *Burgess* v. *Cahill,* 26 Cal.2d 320, the Supreme Court said, at page 323 [158 P.2d 393, 159 A.L.R. 1304]:

''Prior to the enactment of the imputed liability statute the general rule was that the owner of an automobile who was not present at the time of the negligent act which caused injury to a third person could not be held liable unless it was shown that the person in charge was the agent or servant of the owner and at the time was engaged in his service. (*Buelke* v. *Levenstadt,* 190 Cal. 684 [214 P. 42].)

''A reading of the language of the statute and a review of the decisions in this state reveal that the legislative purpose in the enactment of section 1714¼ of the Civil Code (now section 402 of the Vehicle Code), was to protect innocent third parties from the careless use of automobiles and that this protection should be paramount to the rights of an owner who has permitted the use of his car by others even though he, personally, was not guilty of negligence. The wording

of the statute is clear and indicates that purpose. The statute defines the owner's liability in cases where the principle of *respondeat superior* is inapplicable, in order to make the owner liable for the negligence of any person to whom he had expressly or impliedly given permission to operate his car. (*Souza* v. *Corti*, 22 Cal.2d 454, 457 [139 P.2d 645, 147 A.L.R. 861], citing *Bayless* v. *Mull*, 50 Cal.App.2d 66 [122 P.2d 608] ; *Plaumbo* v. *Ryan*, 213 App.Div. 517 [210 N.Y.S. 225].) The legislation was plainly intended to enlarge the liability of the nonculpable owner of a motor vehicle for *its* operation on a public highway. The foundation of the statutory liability is the permission given to another to use an instrumentality which if improperly used is a danger and menace to the public.

"In construing the statute earlier cases have seemed to turn on the question of knowledge or information on the part of the owner that the vehicle was being driven by the person with whose negligence he is sought to be charged, before implied permission could be inferred. For example, in *Howland* v. *Doyle*, 6 Cal.App.2d 311 [44 P.2d 453], it was said: 'A person cannot be said to have permitted that of which he had no knowledge or information,' citing *Bradford* v. *Sargent*, 135 Cal.App. 324, 332 [27 P.2d 93]. But in *Burford* v. *Huesby*, 35 Cal.App.2d 643 [96 P.2d 380], it was recognized that prior knowledge was not necessary in order that implied permission be inferred, and that knowledge or information of the intended use of the car had reference to the element of 'express' as opposed to 'implied' consent."

██ In view of the foregoing we are convinced that the record and the law fully support the conclusion of the trial judge that the defendant Marshall operated and used the automobile in question with the implied permission of defendant and appellant Clark, and that upon the morning of the accident defendant Wagnon was operating the said automobile at the request of and as the agent of defendant Marshall.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.