[Civ. No. 8150.   Third Dist.   Oct. 3, 1952.]

ZO ANN DORMAN et al., Respondents, v. J. W. TAYLOR
et al., Appellants.

Peters & Peters for Appellants.

L. C. Smith for Respondents.

SCHOTTKY, J. pro tem.—The widow and minor children of Albert Dorman commenced an action to recover damages for his death which resulted from a collision on an oiled county road in Shasta County between a 1936 Chevrolet sedan driven by decedent and a cattle truck owned by defendant J. W. Taylor and operated by his employee, Alvin Chase. A second cause of action sought damages for injuries sustained by David Dorman, a son of decedent, in the same collision.

After a trial before the court without a jury, the court found that the collision was proximately caused by the negligence of Alvin Chase, the driver of the truck, without any negligence on the part of decedent, and judgment was entered in favor of the widow and children for $32,700 and $759.16 funeral expenses, and in favor of David Dorman for $2,500. Defendants' motions for a new trial were denied and they have appealed from said judgments.

The principal contention made by appellants is that the evidence is insufficient to support the judgments. They argue that the only rational conclusion that can be drawn from the evidence is that the collision was caused by the negligence of decedent when he (as appellants assert) cut across the sharp curve where the collision occurred and drove his automobile into appellants' truck.

As we said in *Anderson* v. *Wagnon,* 110 Cal.App. 2d 362 [242 P.2d 915], at pages 363-364:

"It is a rule too well established to require the citation of authorities that, before an appellate tribunal is justified in

reversing a judgment upon the ground of insufficiency of the evidence, it must appear from the record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party which may be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes such prevailing party from recovering a judgment. The evidence must be construed most strongly against the losing party. Every favorable inference and presumption which may fairly be deduced from the evidence should be resolved in favor of the prevailing party. The prevailing party's evidence must ordinarily be accepted as true, and evidence which is contradictory must be disregarded.''

Bearing in mind this familiar rule, which we are again constrained to state is too often disregarded by many counsel who insist upon arguing conflicting evidence before an appellate tribunal, we shall give a brief summary of the evidence.

The accident happened on a sharp turn of a narrow oiled county road known as the Redding-Igo Road, following a snowstorm. There was snow and sleet on the sides of the road. The appellants' cattle truck was traveling toward Redding, and in order to negotiate the curve the driver would have to turn his truck to his right. The deceased was traveling toward Igo and in order to negotiate the curve would have to turn to his left. Robert Dorman, a son of decedent, who was following about 150 feet behind his father's car, testified:

"Q. And did you see the truck coming around the corner? A. I saw the truck come around the corner, yes.

"Q. And could you see the speed with which it was traveling? A. It came in like a flash. I couldn't say how fast it was going.

"Q. Now did you observe the back end of the truck? A. When it came around the corner the back end was bouncing up and down like he had his brakes on and he couldn't make the turn, he was going too fast.

.   .   .   .   .   .   .   .   .   .   .   .

"Q. Where was your father traveling with respect to his side of the road at the time of the accident? A. He was traveling about a foot from the shoulder.

"Q. Now when you say a foot, what part of his car would be a foot from the shoulder? A. His right-hand side.

"Q. And how fast was your father traveling? A. Well, I would say between 35 and 40.

"Q. At the time of the accident? A. No, not at the time of the accident.

"Q. I am talking now about at the very moment of impact, how fast was your father going? A. I would say between 25 and 30.

"Q. And what happened when the accident occurred? What followed the accident; that is, were you able to observe the movements of the truck and your father's car after the accident? A. The truck came around and hit him on his left-hand side and turned him in a half-spin on the road and headed him in the opposite direction back toward Redding.

.  .  .  .  .  .  .  .  .  .  .  .

"Q. As he was making the turn that he had gotten the right wheels of the truck off the right-hand edge of the pavement? A. Yes. He was never making the turn. His truck was never at any angle to make the turn. He was skidding right straight like that."

A Mrs. White testified that she saw appellants' truck traveling along the road shortly before the accident at a speed of at least 50 miles per hour. The driver of the truck, appellant Chase, and one Poole who was riding with him, both testified that the decedent was driving on the wrong side of the road and drove his automobile into appellants' truck which was on its right side.

There was of course other evidence, but the foregoing is sufficient to show that there is a clear conflict in the evidence and that appellants' contention that the evidence is insufficient to support the judgment is entirely lacking in merit. Appellants' argument is merely an argument as to the weight of conflicting evidence, and while it could be, and no doubt was, properly made to the trial court upon the motion for a new trial, it has no value in an appellate tribunal.

The only other contention made by appellants is that the court erred in not permitting appellants to impeach the witness Traffic Officer Lane. Appellants quote the following from the record:

"Mr. Peters: Q. Did you determine if there were any law violations from the facts you found at the scene?

"Mr. Smith: Objected to upon the ground that it calls for the opinion and conclusion as to whether there were any law violations or not.

"Mr. Peters: That is the way to find out.

"Mr. Smith: He didn't see the accident.

"MR. PETERS: That doesn't matter. Many a citation has been given by an officer who wasn't at the scene.

"MR. SMITH: And many a Court and jury have turned them loose, too.

"THE COURT: The objection is sustained."

Appellants argue that Officer Lane having testified at the trial that he found nothing whatever that would indicate the point of impact of the vehicle, appellants should have been permitted to impeach him through a report that he made to. Motor Vehicle Department. The difficulty with appellants' contention is that they did not lay any foundation for impeachment, or even indicate to the court that the witness had made any contrary statement. The only question asked by appellants' counsel was: "Did you determine if there were any law violations from the facts you found at the scene?" The question in that form was certainly objectionable as it clearly called for the conclusion of the witness as to whether or. not there were any law violations and the objection was properly sustained. Appellants for some reason did not pursue the matter further.

If appellants had asked the witness if he had made a written report to the Motor Vehicle Department following his investigation of the accident, we feel certain that the trial court would have permitted bringing out anything in that report tending to impeach his testimony.

In view of the foregoing the judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 25, 1952.